IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**MORALES PROSPERO,**

      Petitioner,

v.                                           Case No. 1:15-cv-01073

**BART MASTERS, Warden**
**FCI McDowell**

      Respondent.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On January 26, 2015, Petitioner Morales Prospero ("Prospero"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Because Prospero has been released from custody, his petition is now moot. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DISMISS** the Petition for a Writ of Habeas Corpus and remove this matter from the docket of the Court.

**I.**    **Relevant History**

At the time Prospero filed the instant petition, he was housed at the Federal Correctional Institution in McDowell County, West Virginia. In the petition, Prospero

1

complained about disciplinary measures taken against him in April 2014 that resulted in the loss of 41 days of good conduct credit. (ECF No. 1). According to Prospero, the disciplinary proceedings were conducted before a hearing officer who was not an employee of the Bureau of Prisons ("BOP"). Consequently, the hearing officer was not authorized by law to impose sanctions on Prospero. Nevertheless, the hearing officer found Prospero guilty of possessing a hazardous tool and punished him with the loss of good conduct credit. For relief, Prospero demanded restoration of 41 days of good conduct credit. (*Id.* at 6).

On March 11, 2015, after Prospero paid the requisite filing fee, the undersigned ordered the Respondent to show cause why the relief requested by Prospero should not be granted. (ECF No. 4). Respondent filed a memorandum on May 8, 2015, indicating that the BOP was giving Prospero a rehearing of the disciplinary charge before a hearing officer that was employed by the BOP. (ECF No. 5). Accordingly, Respondent requested that the petition for habeas relief be dismissed as moot. On October 22, 2015, the undersigned entered an Order instructing Respondent to update the Court regarding the status of the rehearing and granting the parties additional time to supplement their positions. (ECF No. 7).

On November 2, 2015, Respondent filed a supplemental response, advising the Court that the BOP had expunged the 2014 disciplinary charge from Prospero's record. (ECF No. 8). Prospero did not respond to Respondent's supplemental memorandum, or file any additional documents with the Court. On April 29, 2016, Respondent filed a second supplemental response, notifying the Court that Prospero had been released from custody on October 30, 2015. (ECF No. 10). According to the Bureau of Prisons'

website, Prospero was indeed released from custody as indicated by Respondent.[1] The docket sheet confirms that Prospero left no forwarding address.

## II. Discussion

A prisoner must be in custody at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Although his subsequent release will not deprive the court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." *Id.* "To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) ("The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence") (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Therefore, when a prisoner files a habeas corpus petition seeking relief from a conviction or sentence, his release from custody may render his petition moot.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered

---

[1] See www.bop.gov/inmateloc/. The website lists Petitioner as Prospero Morales.

3

moot after a petitioner is released from custody where the conviction results in collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975)).

In this case, neither exception applies. Prospero did not challenge his conviction; rather, he claimed that he was deprived of good conduct credit without due process of law and, therefore, was entitled to restoration of the credit. Where the petitioner elects only to challenge the execution of his sentence and not the validity of the conviction, collateral consequences are irrelevant. Consequently, release from custody moots the petition. *Lane v. Williams,* 455 U.S. 624, 631, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982). Similarly, the capable of repetition, but evading review exception is inapplicable here because there is no reasonable probability that Prospero will be returned to prison on the same sentence and face the same alleged wrong. Mere

speculation is not sufficient to meet the mootness exception.

For these reasons, the undersigned **FINDS** that (1) Petitioner's release from custody renders his petition for habeas corpus relief moot and (2) neither exception to the mootness doctrine applies in this case.

## III. Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED**; and
2. This case be removed from the Court's docket.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841

(4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, Respondent, and counsel of record.

**FILED:** May 5, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge