IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

MORALES PROSPERO,

    Petitioner,

v.                                  CIVIL ACTION NO. 1:15-01073

BART MASTERS, Warden
FCI McDowell

    Respondent.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this matter was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings and recommendations ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 2).

Magistrate Judge Eifert submitted to the court her PF&R on May 5, 2016, in which she recommended that the Court dismiss the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (Doc. No. 1); and remove this matter from the docket of the court.

In accordance with 28 U.S.C. § 636(b), the parties were allotted seventeen days in which to file any objections to Magistrate Judge Eifert's PF&R.  The failure of any party to file such objections within the time allotted constitutes a waiver of such party's right to a de novo review by this court.

1

Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).  Neither party filed any objections to the Magistrate Judge's PF&R within the required time period.

Accordingly, the court adopts Magistrate Judge Eifert's PF&R as follows:

1) Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) is **DISMISSED**; and

2) The Clerk is directed to remove this matter from the docket of the court.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336—38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683—84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

2

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to Petitioner.

It is **SO ORDERED** this 1st day of February, 2017.

ENTER:

David A. Faber
Senior United States District Judge